**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1126, 23-1137, 23-1138, 23-1141, 23-1166
_____

UNITED STATES OF AMERICA

v.

JUAN CRESPO a/k/a PAPO, ASNAY FERNANDEZ, ISMAEL MANZANO-SUAREZ,
FELIX CASTILLO a/k/a Mayito, & CARLOS DUVERGEL,
Appellants
_____

On Appeal from the District Court
for the District of New Jersey
(D.C. Nos. 3:19-cr-00922-002, 3:19-cr-00922-004, 3:19-cr-00922-005,
3:19-cr-00922-003, 3:19-cr-00922-001)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 24, 2024

Before: KRAUSE, RESTREPO, & MATEY, *Circuit Judges*

(Filed: July 17, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge.*

Appellants Juan Crespo, Asnay Fernandez, Ismael Manzano-Suarez, Felix Castillo, and Carlos Duvergel appeal their federal convictions for transportation of stolen property in interstate commerce and conspiracy to transport stolen property in interstate commerce. Discerning no error, we will affirm.

## I.    DISCUSSION[1]

Appellants argue that (1) the District Court abused its discretion by allowing Yunior Estevez to testify that Appellants assaulted him; (2) the District Court erred in admitting evidence of Appellants' guilty pleas in state court; (3) the District Court erred when it permitted the Government to introduce evidence that the stolen goods were worth $2.25 million but precluded Appellants from rebutting that testimony; (4) the Government violated the rule set forth in *Napue v. Illinois*, 360 U.S. 264 (1959), by eliciting and failing to correct false testimony; and (5) the District Court erred by allowing a police detective to comment on surveillance footage shown to the jury. We address each of these arguments in turn, but none is persuasive.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion both a district court's decision to admit or exclude evidence, *see United States v. Starnes*, 583 F.3d 196, 213–14 (3d Cir. 2009), and its decision to limit cross-examination, *see United States v. Fattah*, 914 F.3d 112, 180 (3d Cir. 2019). An error under the Federal Rules of Evidence warrants reversal only if it prejudiced the defendant; a harmless error does not require reversal. *See United States v. Browne*, 834 F.3d 403, 416 (3d Cir. 2016). Finally, because Appellants failed to object at trial, we apply plain-error review to their claim that the Government elicited and failed to correct false testimony under *Napue v. Illinois*, 360 U.S. 264 (1959). *See United States v. Cardena*, 842 F.3d 959, 976 (7th Cir. 2016).

First, the District Court did not abuse its discretion by allowing Estevez to testify that the Appellants threatened and assaulted him because that testimony was intrinsic evidence of a criminal conspiracy. It is true, as Appellants point out, that under Federal Rule of Evidence 404(b)(1), evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But this limitation does not apply to "intrinsic evidence"—including evidence of acts that directly prove the charged offense or "acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime," *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (citation omitted)—because such evidence is "part and parcel of the charged offense," *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020) (citation omitted). And here, the District Court correctly determined that Estevez's testimony about the assault qualified as intrinsic evidence because the assault occurred within the "temporal parameters" of the charged crime, *United States v. Bailey*, 840 F.3d 99, 128 (3d Cir. 2016), and reflects a concerted effort to recover the profits of "a conspiratorial agreement or [in] furtherance of the conspiracy's illegal objectives," *Williams*, 974 F.3d at 357.

Second, there was no error in the District Court's stipulation that Appellants were lawfully arrested for attempted burglary in May 2018. Contrary to Appellants' assertion, the Court did not "force" Appellants to enter that stipulation. *United States v. Duvergel*, 629 F. Supp. 3d 246, 259 (D.N.J. 2022). Instead, it was Appellants who suggested the stipulation while the Court was considering whether the state plea colloquies were admissible. Having voluntarily agreed to that stipulation during trial, Appellants "invited

3

any error and cannot complain now." *United States v. Kolodesh*, 787 F.3d 224, 231 (3d Cir. 2015); *see also United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993) ("A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby." (citation omitted)).

Third, the District Court did not abuse its discretion by limiting Appellants' cross-examination concerning the financial loss sustained because of the burglary. District courts have "wide discretion in limiting cross-examination," *United States v. Casoni*, 950 F.2d 893, 918 (3d Cir. 1991), and may impose such limits when the cross-examination would be "repetitive or only marginally relevant," *United States v. Friedman*, 658 F.3d 342, 356 (3d Cir. 2011) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). That was the case here: The District Court did not allow defense counsel to cross-examine the owner of the burglarized warehouse about her testimony that the company lost $2.25 million in inventory because the exact amount of the loss was not relevant to the jury's determination of guilt. The Government only had to prove a loss of more than $5,000 under 18 U.S.C. § 2314, and Appellants did not dispute that the loss exceeded that amount.

Fourth, any false testimony that Estevez offered about his cooperation agreement with the Government was promptly corrected. It is well-established that "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue*, 360 U.S. at 269; *see also United States v. Agurs*, 427 U.S. 97, 103–04 (1976) (noting *Napue*'s rule applies to the federal

4

government under the Fifth Amendment's Due Process Clause). Here, Appellants contend that the Government failed to correct two misrepresentations that Estevez made about his cooperation agreement with the Government. First, Appellants assert that Estevez lied when he testified that he faced up to ten years in prison for transporting stolen goods in interstate commerce and up to five years in prison for conspiring to transport stolen goods in interstate commerce. But the cross-examination testimony correctly reflected Estevez's sentencing exposure under federal law, *see* 18 U.S.C. §§ 371, 2314, and Estevez's cooperation agreement did not change the statutory maximum terms that he faced. Rather, the Government agreed to "move the sentencing judge" to depart from the Sentencing Guidelines, and the agreement made clear that the Government's recommendation did not bind the District Court in any way. App. 1364. Second, Appellants contend that Estevez lied when he stated that the Government had not "made any promises for [him]" in exchange for his testimony. Opening Br. 33 (citing App. 642). Even if this testimony was misleading, however, Estevez corrected it by acknowledging on cross-examination that the Government had made a commitment to "request to [the District Court] a lower sentence." App. 823–24. This testimony clarified any ambiguity from Estevez's initial testimony and discharged the Government's duty to correct the purported misrepresentation.

Finally, the District Court did not abuse its discretion by allowing a police officer to testify about his investigation into the November 2017 burglary while the jury viewed surveillance footage of the incident. Under Federal Rule of Evidence 701, a lay witness may only offer opinion testimony that is "rationally based on the witness's perception,"

5

"helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge[.]" Appellants argue that the Court should not have allowed a police officer to "provide narration" of the surveillance footage shown to the jury because that testimony was not based on the officer's perception as an eyewitness. Opening Br. 42. But this mischaracterizes the officer's testimony. The officer did not merely narrate the video, but rather testified about how the video informed his investigation and explained how details in the video led him to particular conclusions during that investigation, so the admission was not in error. That testimony was "rationally based on the [officer's] perception" because it was based on his personal familiarity with the crime scene and with his investigation. *See United States v. Fulton*, 837 F.3d 281, 301 (3d Cir. 2016) (explaining that a lay witness could offer testimony about a crime scene that he was "personally familiar with" even though he was not present when the crime occurred).

## II.   CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.